UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MITCHELL-JONES, | CASE NO. C10-1190JLR |
| Plaintiff, | ORDER CONDITIONALLY GRANTING PLAINTIFF'S VOLUNTARY MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | |
| MENZIES AVIATION, INC., et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Plaintiff Steven Mitchell-Jones's Federal Rule of Civil Procedure 41(a)(2) motion for voluntary dismissal of his action without prejudice.  (Mot. (Dkt. # 32).)  Having considered the submissions of the parties, the record, the governing law, and having heard the oral argument of counsel on July 28, 2011, the court GRANTS in part Mr. Mitchell-Jones's motion to dismiss without prejudice, but only upon Mr. Mitchell-Jones's accession to certain conditions as described below.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2010, Mr. Mitchell-Jones filed suit against Defendant Menzies Aviation, Inc. ("Menzies") in King County Superior Court for Washington State. (*See* Notice of Removal (Dkt. # 1).) Mr. Mitchell-Jones asserted claims for discrimination under RCW chapter 49.60, as well as claims for negligent hiring, training, supervision, and retention, and for intentional infliction of emotional distress. (*Id.*) On July 22, 2010, Menzies removed the matter to federal court. (*Id.*) Menzies filed an answer on July 29, 2010. (Dkt. # 5.)

On June 17, 2011, Mr. Mitchell-Jones moved to amended his complaint to add claims under RCW 49.60 for retaliation related to his alleged participation in the investigation of one of his co-worker's claims for sexual harassment. (Dkt. # 20.) In addition, he also moved to depose several witnesses for a second time. (*Id.*) On July 11, 2011, the court denied Mr. Mitchell-Jones's motion to amend pursuant to Federal Rule of Civil Procedure 16 and its "good cause" standard. (Dkt. # 31.) The court found that Mr. Mitchell-Jones had failed to demonstrate good cause to amend his complaint beyond the dates set forth in the court's scheduling order. (*Id.* at 3-5.) The court also found that Mr. Mitchell-Jones was not entitled to require witnesses to return for a second day of deposition testimony pursuant to Federal Rules of Civil Procedure 26(b)(2) and 30(a)(2)(A)(ii). (*Id.* at 5-6.)

On July 5, 2011, Menzies filed a motion for summary judgment. (Dkt. # 25.) On July 19, 2011, the court granted Mr. Mitchell-Jones's request to utilize the expedited procedures of Western District of Washington Local Rule CR 7(i) with regard to his

request to bring a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).  (*See* July 19, 2011 Min. Order.)  On July 20, 2011, Mr. Mitchell-Jones filed his motion for voluntary dismissal without prejudice.  (Dkt. # 32.)  Mr. Mitchell-Jones seeks voluntary dismissal "so that all of his claims can be adjudicated on the merits."  (Mot. at 5.)  Mr. Mitchell-Jones's "paramount" concern is "the potential that [his] claims related to his participation in his co-worker's sexual harassment investigation could be barred by res judicata and/or collateral estoppels [sic] if he is not allowed to dismiss this action without prejudice."  (Mot. at 6.)

### III.    DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) states in pertinent part that, after a defendant serves an answer or a motion for summary judgment, and absent a stipulation by all parties who have appeared, "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court, and its order will not be reversed unless [it] has abused its discretion."  *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982).  Nevertheless, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *see also Westlands Water Dist. v. Untied States,* 100 F.3d 94, 96 (9th Cir. 1996).  Thus, the court must determine whether Menzies will suffer some plain legal prejudice as a result of the dismissal.

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97.  Plain legal prejudice does not result simply because a suit remains unresolved, *id.*, the defendant faces the prospect of a second lawsuit, or the plaintiff stands to gain some tactical advantage, *Hamilton,* 679 F.2d at 145.  The Ninth Circuit has specified that neither the fact that a defendant has incurred substantial expense, nor the fact that a defendant has begun trial preparations establishes legal prejudice warranting the denial of a motion under Rule 41(a)(2).  *Id.* at 145-46.

Menzies asserts that it will be prejudiced because (1) it may lose its federal forum (Resp. (Dkt. # 33) at 5), (2) it may have to re-produce various members of its management for additional depositions (*id.* at 7), (3) it has already filed a motion for summary judgment (*id.* at 7, 9 & 11), (4) it has incurred substantial expense in this litigation (*id.* at 8), and (5) dismissal may result in the revival of Mr. Mitchell-Jones's retaliation claims (*id.* at 6-7).[1]

First, while the potential loss of a federal forum may be considered in determining legal prejudice, *see Westlands,* 100 F.3d at 97, the Ninth Circuit has found that the prospect of trying state claims in state court as a result of a voluntary dismissal does not amount to "legal prejudice."  *See, e.g., Smith,* 263 F.3d at 976 (loss of federal forum was

---

[1] Menzies also asserts that Mr. Mitchell-Jones's motion should be denied because he failed to prosecute his action with sufficient diligence.  (Resp. at 8.)  The court previously found that Mr. Mitchell-Jones did not establish "good cause" under Federal Rule Civil Procedure 16 to amend his complaint, outside of the time limits specified in the court's scheduling order, in part due his failure to serve discovery requests early enough for the responses to be considered prior to the court's deadline to amend pleadings.  (Dkt. # 31 at 4-5.)  This ruling, however, is not equivalent to a finding that Mr. Mitchell-Jones lacked diligence overall in the prosecution of his claims.  Indeed, the court noted in its earlier ruling that Mr. Mitchell-Jones's discovery requests were timely served within the discovery period.  (*Id.*)

not legal prejudice); *see also Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refilling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved. . . . [T]here is no legal prejudice to defendant even if a trial is held in state court.") (cited by the Ninth Circuit in *Westlands,* 100 F.3d at 97).  Thus, the court finds no legal prejudice to Menzies if Mr. Mitchell-Jones's state law employment and discrimination claims are litigated in state court.

Second, Menzies asserts it will suffer "plain legal prejudice" because the voluntary dismissal of Mr. Mitchell-Jones's complaint may result in the revival of his claims for retaliation in state court.  This court previously denied Mr. Mitchell-Jones's motion to amend his complaint to include retaliation claims.  (Dkt. # 31.)  The court's denial, however, was not based on the merits of Mr. Mitchell-Jones's claims, but rather on his attempt to add the claims so late in the litigation and his failure to justify the amendment under the "good cause" standard of Federal Rule of Civil Procedure 16.  (*Id.*)  The fact that Mr. Mitchell-Jones may gain some tactical advantage vis-a-vis his retaliation claims by voluntarily dismissing this action and re-filing in state court does not constitute the type of "legal prejudice" that warrants the denial of a motion for voluntary dismissal.  Legal prejudice is not established simply because the plaintiff gains a tactical advantage in the litigation through voluntary dismissal.  *See Smith,* 263 F.3d at 976.  The court's decision might be different if its ruling on the retaliation claims had been on the merits or if Menzies faced the loss of a substantive defense, such as the statute of limitations, *see*

*Westlands,* 100 F.3d at 97, but that is not the case here.  Menzies does not face "legal prejudice" simply because it faces the prospect of having to defend against the merits of Mr. Mitchell-Jones's retaliation claims in state court.

Menzies also asserts that it will suffer plain legal prejudice because by voluntarily dismissing his complaint Mr. Mitchell-Jones will avoid a decision on the merits of Menzies' pending summary judgment motion.  Of course, this presumes a favorable result for Menzies.  In any event, a pending motion for summary judgment is only a factor to be considered and does not mandate that dismissal under Rule 41(a)(2) is inappropriate.  *See, e.g., Creative Labs, Inc. v. Orchid Tech.,* No. C 93-4329TEH, 1997 WL 588923, at *2 (N.D. Cal. Sept. 12, 1997); *see also Gunderson v. Alaska Airlines, Inc.,* No. C06-1340MJP, 2007 WL 4246176, at *3 (W.D. Wash. Nov. 29, 2007). Menzies' motion is not yet fully briefed.  Neither a response, nor a reply, has been filed. As the court in *Creative Labs* reasoned:

> While granting plaintiffs' request for voluntary dismissal would prevent the Court from ruling on defendants [sic] motion, it would not preclude defendants from raising the same arguments and defenses in subsequent litigation.  In fact, there is no readily apparent reason why defendants could not resubmit their summary judgment motion should plaintiffs refile this suit.  Consequently, suspending a decision on the merits of defendants' motion does not create the type of legal prejudice that the Ninth Circuit has found sufficient to prevent a plaintiff from voluntarily dismissing a case.

1  1997 WL 588923, at *2.  This court agrees.  The prospect that Menzies will have to

2  refile its summary judgment motion in state court does not constitute legal prejudice

3  sufficient to deny Mr. Mitchell-Jones's motion for voluntary dismissal.[2]

4         Finally, Menzies complains that it has incurred substantial expense in the defense

5  of this federal action, that its management personnel have already been deposed, and that

6  it would be prejudicial to force them to submit to another round of depositions.  The

7  Ninth Circuit has plainly rejected this type of inconvenience and expense as a basis for

8  finding plain legal prejudice in the context of a Rule 41(a)(2) motion.  *See, e.g., In re*

9  *Lowenschuss,* 67 F.3d 1394, 1400-01 (9th Cir. 1995) ("[T]he inconvenience of defending

10 another lawsuit or the fact that the defendant has already begun trial preparations does not

11 constitute prejudice."); *Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir. 1994);

12 *Hamilton,* 679 F.2d at 146 ("Appellant's contention that appellee should have been

13 estopped from requesting a voluntary dismissal, because appellant was put to significant

14 expense in preparing and filing its pleadings, is without merit.").

15        Nevertheless, where a defendant has incurred substantial expense, the court may

16 exercise its discretion to protect the defendant's interests by conditioning a voluntary

17 dismissal without prejudice upon the payment of appropriate costs and attorney fees.

18

19        [2] Menzies also asserts that it will suffer legal prejudice because Mr. Mitchell-Jones now
20 has the tactical advantage of having viewed its defense theories in its motion for summary
   judgment.  (Resp. at 7 ("[Mr.] Mitchell-Jones would have the benefit of the defense theories fully
21 laid out and could craft his complaint and tailor discovery and strategy in the new suit to exploit
   the newly gained knowledge, thereby causing real legal prejudice to Menzies.")  Again, the
22 Ninth Circuit has stated that these types of mere tactical advantages do not constitute legal
   prejudice.  *See Smith,* 263 F.3d at 976.

*Westlands,* 100 F.3d at 97.  Although imposition of costs and fees is not a prerequisite to an order granting a voluntary dismissal, they "are often imposed upon a plaintiff who is granted voluntary dismissal under [Rule] 41(a)(2)."  *Stevedoring Serv. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 912 (9th Cir. 1989).  The court should, however, only award attorney fees for work which cannot be used in any future litigation.  *Westlands,* 100 F.3d at 97.

This matter has been pending for more than a year.  The parties have conducted considerable discovery including exchanging documents, interrogatory responses, and deposing numerous witnesses.  In addition, the parties have pursued motions practice including Mr. Mitchell-Jones's motion to amend (Dkt. # 20), and the pending motion for summary judgment (Dkt. # 25).  If Mr. Mitchell-Jones refiles his complaint, or a substantially similar one, Menzies may be forced to repeat discovery or motion practice already conducted here.  Accordingly, although the court will grant Mr. Mitchell-Jones's motion for a voluntary dismissal under Rule 41(a)(2), it will do so only upon the conditions stated below which are designed to protect Menzies' interests.

## IV.    CONCLUSION

Based on the foregoing, the court GRANTS in part Mr. Mitchell-Jones's motion for a voluntary dismissal without prejudice (Dkt. # 32), but conditions any such dismissal on the following:

1)      If Mr. Mitchell-Jones re-files the same or a substantially similar lawsuit in any other court, Mr. Mitchell-Jones will not object to Menzies' use of any discovery

conducted, exchanged, or obtained in this litigation on grounds that the discovery was not conducted, exchanged or obtained in Mr. Mitchell-Jones's re-filed suit;

2) If Mr. Mitchell-Jones re-files the same or a substantially similar lawsuit, Mr. Mitchell-Jones shall bear Menzies' costs from this suit for discovery, motion practice, or any other items, which Menzies is able to demonstrate cannot be used in the future litigation;

3) Mr. Mitchell-Jones shall file a notice within seven days of the date of this order stating that he accedes to the court's conditions before a dismissal without prejudice will be entered in this matter, or that he will instead proceed with this case. *See, e.g., Chicano v. Monier, Inc.,* No. C06-5028FDB, 2007 WL 951761, at *3 (W.D. Wash. Mar. 27, 2007);

4) If Mr. Mitchell-Jones declines to accede to the court's conditions, then he shall file his response to Menzies' motion for summary judgment (Dkt. # 25) within seven days of the date of this order; and

*5)* If a dismissal without prejudice is entered, the court will retain jurisdiction over this lawsuit for the limited purpose of hearing and ruling on any motions by Menzies for costs and reasonable attorney's fees that should be awarded if Mr. Mitchell-Jones re-files the same or a substantially similar lawsuit. *See, e.g., Design Trend Int'l Interiors,*

*Ltd. v. Huang,* No. CV-06-1987-PHX-LOA, 2007 WL 2683790, at *5 (D. Ariz. Sept. 7, 2007).

Dated this 28th day of July, 2011.

_____
JAMES L. ROBART
United States District Judge